UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINA PROEUNG,<br>    Plaintiff,<br><br>    v.<br><br>NOVA BIOMEDICAL CORP.,<br>    Defendant. | )<br>)<br>)<br>)  C.A. No. 18-11106-MLW<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

WOLF, D.J.                                            March 14, 2019

I.  INTRODUCTION

Plaintiff Sina Proeung alleges that her former employer, defendant Nova Biomedical Corp. ("Nova"), violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq., by terminating her without notifying her of her rights under the FMLA. Nova moves to dismiss for failure to state a claim upon which relief can be granted. It argues that Proeung released her FMLA claim under a valid severance agreement.

Proeung now moves to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). She seeks to add facts regarding whether her release was knowing and voluntary. Nova opposes the amendment as futile. The court finds, however, that Proeung's proposed amended complaint would not be futile. Therefore, the motion to amend is being allowed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) requires a party to obtain leave of court, absent the opposing party's consent, to amend a pleading more than 21 days after serving it or, if a responsive pleading is required, more than 21 days after service of a motion under Rule 12(b). In this case, 50 days elapsed between Nova's Motion to Dismiss and Proeung's Motion to Amend. Furthermore, Nova opposes plaintiff's Motion to Amend. See Dkt. No. 12. Accordingly, Proeung must obtain the court's permission to amend her complaint.

The court must "freely give" permission to a party to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has admonished district courts to grant leave to amend unless there is an "apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). When considering whether an amendment would be futile, the court "applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). In other words, a complaint is futile if it, "as amended, would fail to state a claim upon which relief could be granted." Id.

2

The court must deny a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the plaintiff alleges "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007). That is, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). A claim is facially plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 683. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted).

In considering a motion to dismiss under Rule 12(b)(6), the court must "take all factual allegations as true and . . . draw all reasonable inferences in favor of the plaintiff." Rodriguez-Ortiz v. Marao Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007). The court "neither weighs the evidence nor rules on the merits because the issue is not whether plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support their claims." Day v. Fallon Cmty. Health Plan, Inc., 917 F. Supp. 72, 75 (D. Mass. 1996).

3

III. BACKGROUND

The facts alleged in the proposed amended complaint include the following.

Proeung began working for Nova in July 2012. See Am. Compl. ¶6 (Dkt. No. 10-1). In March 2015, she fell at work and suffered an injury that prevented her from working. See id. ¶¶8-9. "While undergoing treatment for her work-related injuries, Proeung developed Cushings disease from being given too many cortisone injections over a short period of time . . . ." Id. ¶10. Her symptoms included trembling and weakness. See id.

In September 2015, Proeung returned to work. See id. ¶13. Shortly thereafter, she experienced "uncontrollable trembling and weakness . . . ." See id. ¶14. Nova sent Proeung home and instructed her not to return until she obtained a physician's clearance. See id.

In November 2016, Proeung was diagnosed with Myasthenia Gravis. See id. ¶17. On February 11, 2016, Nova terminated Proeung because her Myasthenia Gravis prevented her from performing the requirements of her job, and determined that her Myasthenia Gravis was unrelated to any injuries she sustained at work. See id. ¶20. Upon terminating Proeung, Nova did not provide her with any notice of her rights under the FMLA. See id. ¶22.

On February 25, 2016, Proeung signed a Severance Agreement and Release (the "Agreement") with Nova. See Am. Compl., Ex 2 (Dkt.

4

No. 10-3). In consideration for four weeks of severance pay ($2,030.40), Proeung agreed to:

> . . . release and discharge [Nova] from any and all legally releasable claims, rights, demands, debts, actions, causes of action, suits, agreements, damages, and liabilities of any nature, at law or in equity, which I now have or ever had against [Nova], whether known or unknown, arising out of my employment with or separation from [Nova], including without limitation . . . the Family and Medical Leave Act, 29 U.S.C. §2601 et seq.

Agreement at 1-2 of 5 (Dkt. No. 10-3).

The Agreement is in English. However, Proeung is "for all intents and purposes, illiterate in English," and her native language is Cambodian. Am. Compl. ¶33 (Dkt. No. 10-1). The Agreement was never translated into Cambodian for her. See id. ¶34.

On February 12, 2018, Proeung filed this action in the Middlesex Superior Court for the Commonwealth of Massachusetts. See State Ct. R. at 9-12 of 17 (Dkt. No. 8). She alleges that Nova failed to notify her of her rights under the FMLA when it terminated her, in violation of 29 C.F.R. §825.300.

Nova timely removed to this court. See Dkt. No. 1. On May 31, 2018, Nova moved to dismiss for failure to state a claim upon which relief can be granted, see Dkt. No. 6. Rather than oppose the Motion to Dismiss, Proeung moved to amend the complaint on July 20, 2018. See Dkt. No. 10. She seeks to "add[] new factual information, including paragraphs addressing the illegality of the

5

[Agreement] . . . ." Id. ¶11. Nova opposes Proeung's Motion to Amend as futile. See Dkt. No. 12.

IV. DISCUSSION

As indicated earlier, Proeung alleges that Nova violated the FMLA when it terminated her without providing notice of her rights under the FMLA. For the purposes of its Motion to Dismiss and opposition to Proeung's Motion to Amend, Nova states that whether the FMLA actually required it to provide Proeung such notice is "irrelevant." Mem. Supp. Mot. Dismiss at 7 n.3 (Dkt. No. 7). Rather, Nova argues that Proeung's proposed amended complaint would be futile, and that this case should be dismissed, because Proeung released her FMLA claims by signing the Agreement. Proeung argues that "her signing was not knowing and voluntary . . . ." Am. Compl. ¶32 (Dkt. No. 10-1).

"At a minimum, judicial review of such waivers and releases has been designed to ensure that they are 'knowing and voluntary,'" which the First Circuit assesses under a "totality of the circumstances approach." Rivera-Flores v. Bristol-Myers Squibb Caribbean, 112 F.3d 9, 12 (1st Cir. 1997) (internal quotation marks omitted). The First Circuit has adopted a non-exclusive list of six factors set out by the Second Circuit in Finz v. Schlesinger, 957 F.2d 78, 82 (2d Cir. 1992), for determining whether an employee's release was knowing and voluntary. The court considers:

> (1) plaintiff's education and business sophistication;
> (2) the respective roles of employer and employee in determining the provisions of the [release]; (3) the clarity of the agreement; (4) the time plaintiff had to study the agreement; (5) whether plaintiff had independent advice, such as that of counsel; and (6) the consideration for the [release].

Rivera-Flores, 112 F.3d at 12 n.4.

Moreover, "[w]aiver and release are affirmative defenses on which the employer bears the burden." Id. at 12. "It is incumbent upon the employer to establish that the release was knowing and voluntary." Melanson v. Browning-Ferris Indus., Inc., 281 F.3d 272, 276 (1st Cir. 2002). The court may only dismiss an action on the basis of an affirmative defense if "the facts establishing the defense [are] clear on the face of the plaintiff's pleadings." Blackstone Realty LLC v. F.D.I.C., 244 F.3d 193, 197 (1st Cir. 2001) (internal quotation marks omitted).

In this case, the court finds that the facts establishing the affirmative defense of release are not clear on the face of the pleadings. Rather, the court finds that the proposed amended complaint states a plausible claim that Proeung did not sign the release knowingly and voluntarily.

In opposing Proeung's Motion to Amend, Nova does not address the Finz factors. Rather, Nova points to a general principle of contract law that "[a]bsent fraud, an individual who signs a written agreement is bound by its terms whether [s]he reads and understands them or not." Opp'n Mot. Amend at 4 (quoting Bose Corp.

7

v. Ejaz, 732 F.3d 17, 22 (1st Cir. 2013)). However, as discussed earlier, this is not the appropriate standard with regard to the validity of an employee's release of claims.

Furthermore, taking all of Proeung's factual allegations as true and drawing all reasonable inferences in her favor, several of the Finz factors weigh against finding that Proeung's signature was knowing and voluntary. The Agreement is in English, and Proeung does not read or write English. Therefore, a factfinder could reasonably infer that the Agreement was not intelligible to Proeung. There is no indication that Proeung had a role in drafting the Agreement. Moreover, because "Nova never advised Proeung to consult with an attorney," Am. Compl. ¶37, a factfinder could reasonably infer that Proeung did not discuss the Agreement with counsel.

Because Proeung has stated a plausible claim that she did not sign the release of her FMLA claim knowingly and voluntarily, the court does not conclude that Proeung's proposed amended complaint would be futile.

V. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Plaintiff's Motion for Extension of Time to Amend Complaint (Docket No. 9) and Motion to Amend Complaint (Docket No. 10) are ALLOWED.

2. Defendant's Motion to Dismiss (Docket No. 6) is MOOT.

3. Defendant shall, by April 5, 2019, respond to or answer the amended complaint.

4. This case is REFERRED to the Magistrate Judge for all pretrial purposes.

UNITED STATES DISTRICT JUDGE